In The District Court of The United States
For The District of Arizona

FILED ✓    ___ LODGED
RECEIVED    ___ COPY

MAY 1 3 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Joshua Jermaine Jones,
        Plaintiff

        — vs —

Red Rock CCA ; ② Unknown insurer
of Red Rock CCA ; ③ Unknown
Medical Provider (in both his
professional and individual capa
cities); ④ Unknown Insurer of unknown
Medical Provider

Case #
To be assigned by clerk

CV-20-00927-PHX-DWL-ESW

COMPLAINT AND
DEMAND For JURY
TRIAL

The Plaintiff Joshua Jermaine Jones, by and through his
legal document preparer, DeMoore T Gray, hereby alleges
as follows.

Factual Allegations

1) On May 15, 2018, the Plaintiff Joshua Jermaine Jones was
issued a bottom bunk restriction, from Red Rock CCA's
unknown medical provider. The bottom bunk restriction
was prescribed to the plaintiff for medical conditions
that could cause the victim to fall from the top bunk
and sustain an injury.

        Upon reciept of the prescription for a bottom bunk,
The plaintiff notified the housing unit staff that he had
a medical restriction that prevents him from being
assigned to a top rack /bunk. And requested that he

be moved to a lower bunk. The staff replied that the plaintiff needed to submit this request by inmate letter. And that the medical unit had not placed in the the proper paper work for them to move him to a lower bunk, there for they (the housing unit staff) was unable to move him.

The plaintiff made an inmate letter to the captain's office informing the captain's office of the medical restrictions for a lower bunk. And explained that he was high risk to have seizures and could fall from his top rack and be injured. The plaintiff awaited a response to the inmate letter. However, unfortunately the plaintiff had a seizure in the night before he could be moved. And was injured as a result of the fall from the top rack.

The plaintiff was seen by medical staff, and it was discovered that the plaintiff had suffered lower back injuries and a cist was found on his lower vertibra. There were also other injuries that occured. But they were sprains and bruises, That were immediately treated.

Because of the fall and the injuries. The plaintiff was sent to be seen by the Unknown Medical Provider again. However, because the defendant informed the Unknown Medical Provider that he was taking legal steps behind the administration's failure to provide a bottom bunk, And the injuries incurred, from the Administration's failure to provide a lower bunk. The Unknown Medical Provider changed the plaintiff's

Status from having a medical bottom bunk restriction, to the plaintiff not having a medical bottom bunk restriction. This was done in an effort to protect the Administration of Red Rock CCA from being liable for failing to provide the plaintiff with a bottom bunk. This was committed on 07-02-18. And was to expire 07-01-19. See Attachments Exhibit's A & B.

   After several treatments, that included painful injections to the plaintiff's spine. The plaintiff was removed from the compound at Red Rock CCA, and taken to another prison of the same custody level. Just to get the plaintiff out of Red Rock CCA's custody and liability. This was done in retaliation for filing a grievance on the whole situation. Which the Administration at Red Rock CCA never returned or answered. There for exhausting the defendant's remedies through the grievance process.

   After a surgery and multiple medical treatments. The plaintiff now brings forth these claims against the defendants. As named in this suit, in the heading and in the "Parties" section of this complaint.

### Jurisdiction and Venue

The plaintiff, Joshua Jermaine Jones, brings this action pursuant to 42 U.S.C. §1985; 42 U.S.C. §1983 and 42 U.S.C. §1986 to redress deprivation or rights under the color of law; Medical mistreatment or non-treatment and deliberate indifference that rose to a level of cruel and unusual punishment;

a denial of the rights to access the courts; and neglect to prevent claim.

Jurisdiction is conferred by 28 U.S.C. § 1331 and 28 U.S.C. § 1343. And also by 42 U.S.C. § 1987 and 42 U.S.C. § 1997, which provides for orginal jurisdiction of this Court in suits authorized under 42 U.S.C. § 1983, 1985 & 1986, to redress for the deprivation under the color of State law, statute, ordinance, regulation, custom, or usage) of any right, privilege, or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States.

Under 28 U.S.C. § 1391(b), venue is proper in this judicial district because the events given rise to the claims asserted herein occurred within this judicial district.

## Jury Demand

Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## Parties

Plaintiff "Joshua Termaine Jones" is and was relevant, at all times, because he is who suffered injuries. And is a prisoner in the custody of The Arizona Dept. of Corrections.

Defendant #1 Red Rock CCA is a private owned prison. Who's operation is not that of an "arm of the state." But as a for profit facility. That doesn't meet the qualifications of an institution, as defined by 42 U.S.C, §1997

It is relevant and has always been relevant. For employing an administration that has neglected to protect the plaintiff. And is responsible for the policies, practices and customs of it's housing unit Staff.

Defendant #2 Unknown Insurer of Red Rock CCA. is relevant and was always relevant, as insurer of the company. That holds the policy that will redress injuries of anyone aggrieved by the actions of the insured, in an "occurrence."

Defendant #3 Unknown medical Provider (in both his professional and individual capacities) is and was at all times relevant to this Complaint. As Medical Provider, his duty and oath of service in the medical proffesion is to provide a service of care as is reasonably available under the circumstances of the plaintiff's confinement and medical conditions. And retaliation, or obscuring the ability to grieve the non-treatment or mistreatment by the administration creates a claim of deliberate indifference on behalf of the defendant.

Defendant #4 Unknown Insurer of Unknown Medical Provider, is and was at all times relevant to this Complaint. As insurer it holds the policy to will redress injuries of anyone aggrieved by the actions of the insured, in an

occurrance.

## Damages

The actions of The Defendants have created an amalgom of issues for the plaintiff. They have deprived the plaintiff of his civil rights, under the 1st 8th and 14th Amendments of the United State's Constitution. They have caused the plaintiff physical injuries that will require chronic care even after rehabilitation. They have caused a need for rehabilitation and pain & suffering. And this action seeks redress for those named damages and any more that the Courts may draw from inferences.

## Plaintiff's Claims
Count I @ "Defendants 1, 2, 3, & 4"
42 U.S.C § 1983    Hathaway v. Coughlin
Medical deliberate indifference

The plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

Even though prison officials are not medical staff. And have very little to do with the medical aspects of prison life. They are, however required to honor the medical treatments and prescriptions prescribed by the prison Medical Providers. The housing staff at Red Rock CCA, and the Captains office both failed to meet those requirement. This was not done by accident, or oversight, Failure to place the

plaintiff in a lower bunk was pure neglect on he half of Red Rock CCA's employees. Because the plaintiff did Show the staff the Medical Provider's Special needs order, that acts as a final prescription for the institution. The Administration is fully responsible for the injuries incurred by the plaintiff, in the fall from the top bunk.

And because the Administration staff had been made aware of the plaintiffs need for the lower bunk. Failure to adhere to the medical needs of the plaintiff, was a deliberate indifference to the plaintiffs medical need in that they knew of and disregarded an excessive risk to the plaintiff's health.

Count II @ "Defendant's 1, 3"
42 U.S.C. §1985 (A Private Action to vindicate 14th Amendment Rights) The "Ku Klux Klan Act" codified.

The Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the

(8)

the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws. They are guilty of being in violation of being in violation of 42 U.S.C. §1985.

On 5/15/2018, the plaintiff was placed on a medical bottom bunk restriction, due to medical conditions and medications, that could possibly cause the plaintiff to fall from the top bunk and cause him injuries. However, the plaintiff was never placed in a bottom bunk. And eventually fell from the top bunk causing him injuries that could possibly require chronic care for the rest of the plaintiff's life.

Upon learning from the plaintiff, that he was intending to file legal action to redress the Institution/Facility's negligence. The Unknown Medical Provider reissued another secondary Special needs Order. This secondary order, issued on 7/02/18 reflected that the Provider had canceled the plaintiff's bottom bunk restriction. It can only be seen that the Medical Provider reissued a secondary Special needs order to collude with the neglegence of the Administration of Red Rock. In attempt to hide the neglect from the records of the plaintiff. In doing so, the Unknown Medical Provider Stands in violation of 42 U.S.C. §1985.

## Claim III @ Defendant's 1, 2, 3, 4
### 42 U.S.C. §1986

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in

(9)

Section 1985 of title 42 U.S.C., are about to be committed, and having power to prevent or aid in the preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

The plaintiff is aware of the one year time limit on the 1986 suit. But asserts that equitable tolling must come into play because he was actually attempting to exhaust the grievance process. But when no one returned any word as to the process of his grievance, that he started by means of informal complaint, Then the plaintiff began to file this complaint.

The plaintiff holds that the defendant's have acted in violation of 42 U.S.C. §1986. Because both The Unknown Medical Provider and The Administration of Red Rock CCA were able to prevent the ~~defends~~ plaintiff

from suffering injury under the 1985 claim.

<u>Prayer For Relief</u>

From the defendants the plaintiff seeks the following equitable relief.

Defendant #1 Red Roc CCA; $30,000 on each individual claim totaling $90,000. $50,000 dollars for pain and suffering from his injury. And $50,000 for future chronic care; should the plaintiff need other treatment or equiptment. The total equitable relief for defendant #1 is $190,000 and $2,500 for legal fees and filing fees. Grand totaling $192,500

Defendant #2 Unknown Insurer of Red Rock CCA; $50,000 on each claim totaling $150,000, $50,000 for pain and suffering from the injury. And $50,000 for future chronic care, should the plaintiff need any more surgeries or medical equiptment. also $2,500 for legal fees and filing fees. Grand totaling $252,500

Defendant #3 Unknown Medical Provider in his professional capacity; $20,000 for each claim; $20,000 for pain and suffering; $50,000 for future chronic care, should the plaintiff need other treatment or equiptment; and $2,500 for legal filing and fees. Grand totaling $132,500

Defendant #3 Unknown Medical Provider in his personal capacity; $20,000 for each claim; $20,000 for pain & suffering; $50,000 for future chronic care, should the plaintiff need other treatment or equiptment; and $2,500 for legal fees and filing fee. Grand Totaling $132,500;

Defendant #4 Unknown insurer of unkown Medical Provider; $30,000 for each claim; $30,000 for pain and suffering; 30,000 for future chronic care; should the plaintiff need other treatment or equipment; and $2,500 for legal fee and filing. Grand totaling $152,500

Conclusion

This ends the total complaint for redress of the allegations set forth in this complaint. Its critical that these allegations and the administration of justice

Respectfully Submitted on this ___ day of January 2020